DYER *v.* DYER, *et al.*

(*Knoxville*, September Term, 1941.)

Opinion filed November 29, 1941.

WALTON PERKINS and DAVID B. ROGERS, both of La-Follette, and R. L. POPE, of Knoxville, for plaintiff in error.

CASSELL, LADD & CARSON, of Harriman, and PHIL C. MASON, A. L. FOX, JAMES M. UNDERWOOD, and HOMER H. WALLACE, all of Clinton, for defendants in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an action seeking damages for false imprisonment in the State Hospital for the Insane. Three defendants are named, Earl Dyer, the former husband of plaintiff, and Doctors Cox and Hicks. Demurrers were sustained and the case dismissed. Appealing, plaintiff in error concedes the correctness of the action of the trial court on the demurrer of Earl Dyer, shown to have been the husband of the plaintiff when the alleged wrongs were inflicted. Error is assigned for the other defendants below, it being insisted that a cause of action is stated in the declaration as to them.

The charge against these defendants is that they made affidavits on which the judgment of insanity and the commitment to the Hospital were based; that the statements made in these affidavits were made "knowingly, maliciously and falsely," and that the making of these affidavits was the proximate cause of her incarceration in the State Hospital for a period of twenty-one days, to her great humiliation, loss and injury.

It is insisted for defendants in error that, even if the statements in said affidavits were false and made, as charged, with malice, that they were made in a judicial proceeding under oath, in response to a call for their professional opinion and were, therefore, absolutely privileged; that no action for damages can be based thereon; and that the trial Judge did not err in sustaining their demurrer on this, among other grounds.

Cases from other jurisdictions are referred to by counsel on both sides, and there has been some divergence in the holdings in different jurisdictions. However, we think it unnecessary to review these cases, since we think this question has been settled in this State since *Cooley* v. *Galyon,* 109 Tenn. 1, 14, 70 S. W., 607, 609, 60 L. R. A., 139, 97 Am. St. Rep., 823. In his opinion in that case Mr. Justice SHIELDS reviewed the text book and decision authorities and approves this quotation from *Lea* v. *White,* 36 Tenn. (4 Sneed), 111, 113, 115:

██ "There is a class of cases which are absolutely privileged, and depend in no respect for their protection upon their bona fides. The occasion is an absolute privilege, and the only questions are whether the occasion existed, and whether the matter complained of was pertinent to the occasion. In this class are embraced judicial proceedings. The proceedings connected with the judicature of the country are so important to the public good that the law holds that nothing which may be therein said with probable cause, whether with or without malice, can be slander, and, in like manner, that nothing written with probable cause under the sanction of such occasion can be libel."

In the *Cooley* v. *Galyon* case our earlier case of *Shadden* v. *McElwee,* 86 Tenn., 146, 5 S. W., 602, 6 Am. St. Rep., 821, relied on for plaintiff in error, was reviewed and in some respects distinguished. In concluding his discussion of the case, Mr. Justice SHIELDS said: "But it is there expressly held, upon the authority of *Lea* v. *White and Odgers,* Sland. & L., above cited, which are quoted and approved in the opinion of the court, that when the communications of a witness are fairly responsive to the questions propounded, or pertinent to the

inquiry, they are absolutely privileged, although he may have entertained malice toward the plaintiff.''

And in this following paragraph the rule directly applicable here, is thus clearly stated:

''Applying these principles to this case, the question is not whether the words spoken by the defendant were false and malicious, but were they spoken in a judicial proceeding, and were they relevant and pertinent to the subject of inquiry in that proceeding, or responsive to questions propounded to the defendant by counsel while being examined therein as a witness? If they were, they are absolutely privileged, and the plaintiff's action must fail.''

Now ''applying these principles'' to the instant case, (1) were the affidavits complained of made in a judicial proceeding? and (2) were the statements therein pertinent to the subject of inquiry in that proceeding?

■ The answer to both questions is yes. It appears that the adjudication of insanity and order of commitment were by the Judge of the County Court (who it is charged was misled by these false affidavits) and it was in this proceeding that these affidavits were used. In the recent case of *Johnson* v. *Nelms,* 171 Tenn., 54, 100 S. W. (2d), 648, 652, it was said that, ''An inquisition of lunacy is a civil proceeding,'' judicial, of course, citing numerous authorities; and, also, ''The county court is a court of record,'' citing Code Section 10052, subsection (5), Code 1932. The Court had under consideration in that case Code Sections 4451 et seq., under which lunacy proceedings are now brought before the County Judge, or Probate Court. Section 4458 is particularly pertinent here, since it is under its provisions that these affidavits must have been made. We quote this section:

''The county judge or chairman shall have the right to

summon such witnesses as are necessary and to administer oaths and hear testimony as in other cases. The county judge or chairman shall be the judge of the number and character of witnesses and proof to be presented, except there shall be included at least two reputable physicians who are duly authorized to practice medicine in the state, and who shall have had at least three years actual practice, each of whom shall be required to make separately a personal physical and mental examination of the suspected person, and each physician shall make in writing a certificate of the result of such examination in the form required by the commissioner; each certificate shall be sworn to by the physician and shall be considered as evidence on the hearing. Said physicians may also be examined orally on the hearing.''

The quoted Section appears to settle that (1) these affidavits are a vital part of a ''judicial proceeding,'' and (2) that the statements complained of, whether true or false, were directly in point on the issue for decision of whether or not the person under examination was of unsound mind.

Assuming, as we must, the regularity of these judicial proceedings, and, indeed, there is no charge to the contrary, the Judge appointed a guardian *ad litem* ''to look after the interest of the person,'' and examined other witnesses, as well as two physicians, on this hearing. Conceding, as the declaration charges, that error was committed, and that plaintiff was thereby wronged, and that the affidavits she complains of were false as she charges, nevertheless, for the reasons above given, supported by authority, no right of recovery of damages exists and the assignment of error must be overruled and the judgment of dismissal affirmed.