James Edward GREENFIELD et al.,
Appellants,

v.

COURIER–JOURNAL AND LOUISVILLE TIMES COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 4, 1955.

Terrell, Schultzman & Hardy, Paducah, William R. Clark, Hopkinsville, for appellants.

Trimble, Soyars, Keith & Breathitt, Hopkinsville, Wyatt, Grafton & Grafton, Louisville, for appellees.

CLAY, Commissioner.

Appellants brought suit to recover damages for the publication of allegedly libelous and slanderous statements by appellees. The complaints were dismissed on the ground that the published matter was privileged.

The basis of this lawsuit is a report of a Federal grand jury in the United States District Court for the Western District of Kentucky. It was filed in open court on October 28, 1952, and is described in the clerk's certification as a "presentment". There is no question but what it contained defamatory matter specifically implicating both appellants. It was published in full by appellee newspaper and a portion of it was quoted by the other appellee, Gabe A. Payne, in a speech.

· The report charged appellants, who were officers of the City of Hopkinsville, with the commission of crimes while in office. No indictments were returned and no crim-inal prosecutions were commenced against appellants.

The ultimate issue in this case is whether or not such a report of a Federal grand jury is privileged to the extent that persons republishing or quoting it are immune from liability for libel or slander. It is appellants' principal contention that such a writing is unauthorized, illegal and extra-judicial. It is appellees' argument that the proceedings of a grand jury are judicial, that the report of this body is part of a judicial proceeding, and that it cannot be the basis of a suit for damages.

■ The parties debate the question as to whether or not this report was in fact a "presentment" recognized by the Fifth Amendment of the Constitution of the United States, and whether or not a presentment is authorized by the Federal Rules of Criminal Procedure, 18 U.S.C.A. It is unnecessary to decide these questions. We will accept, for the purposes of this appeal, appellants' contention that a report of this nature may be unauthorized, and may justify a motion to expunge. As was the trial court, we are cognizant of the vicious nature of such a report to which the criticized individual can make no legal defense. However, its publication is not necessarily wrongful. If it was in the nature of a judicial act in a judicial proceeding, the interest of the public in the protection of those who participate in the judicial process is generally held to outweigh the rights of the individual who may suffer as a result thereof.

■ Clearly the proceedings of a Federal grand jury are a part of the judicial process. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed 783; 33 Am.Jur., Libel and Slander, Section 156; 53 C.J.S., Libel and Slander, § 127; and cases hereafter cited.

The principle we believe controlling here is exemplified by two decisions of the Supreme Court of Tennessee in Hayslip v. State, 193 Tenn. 643, 249 S.W.2d 882; and Hayslip v. Wellford, 195 Tenn. 621, 263 S.W.2d 136, 42 A.L.R.2d 820. In the first case

the plaintiff sought to have expunged a grand jury report which charged her with maliciously maligning a school. The court refused to expunge the libelous matter on the ground that the plaintiff had instigated the investigation and had publicized it. However, the court acknowledged as sound the majority rule that a grand jury has no right or authority to make such an accusatory report (without taking further steps to prosecute the alleged offender).

Subsequently the complaining party brought an action for libel against the members of the grand jury. The Supreme Court of Tennessee held the action was not maintainable because the report of the grand jury was absolutely privileged as constituting a judicial act. The implication is clear that whether or not the report was authorized was immaterial on the question of privilege. In the course of the second opinion, the court stated, at page 138 of 263 S.W.2d:

"Of course the Grand Jury, as we have indicated, had the authority to investigate, to hear the matter, then it would seem to us that it naturally follows, in the absence of clear legal restrictions to the contrary, that the defendants had the further authority to reach a conclusion with respect thereto—the right to determine the course to be pursued with respect to the disclosures resulting from such investigation. It seems that this would be a judicial act, which, if erroneously exercised, would be an error of judgment and would not detract from the judicial character of the act.

\* \* \* \* \* \*

"It seems plain to us that the decision of the Grand Jury to proceed in the manner and to the extent to which they did was properly a judicial act or at least the act had colorable jurisdiction and any error in deciding it was an error of judgment on a question of law for which these Grand Jurors are not civilly liable, and that the statements, made in the course thereof, being relevant and pertinent to the subject matter of the investigation, Hayslip v. State, supra, are absolutely privileged.
\* \* \*

"This freedom of action granted to those acting in a judicial capacity is given not for the sake of the individual but for the sake of the public whom they serve, and for the advancement of justice, because the officer or the person thus serving must be free from civil liability so that he may be free in thought and independent in judgment as to all with whom he comes in contact so that in this way he may administer justice as it ought to be."

A similar conclusion was reached in O'Regan v. Schermerhorn, 50 A.2d 10, 25 N.J.Misc. 1. That court said, at pages 24, 25, of 50 A.2d:

"However, assuming, without deciding, that the document in question is not a true presentment but merely a report to the court of the grand jury's findings or conclusions with no thought or purpose of procuring an indictment, the result would be the same as far as the protection of privilege is concerned, because in composing and presenting it to the court the jurors were performing judicial acts in a judicial proceeding."

A similar decision was reached in Mundy v. McDonald, 216 Mich. 444, 185 N.W. 877, 20 A.L.R. 398. See also Restatement of Torts, Vol. 3, Section 589.

Appellants have cited Poston v. Washington, A., & Mt. V. Railway Co., 36 App. D.C. 359, 32 L.RA.,N.S., 785, which takes a contrary view. This case is perhaps distinguishable, but if not, the decision is not in accord with what we consider the sounder principle accepted by the other jurisdictions. Other cases relied upon by appellants generally relate to the right of an aggrieved party to have defamatory matter stricken from similar reports in a direct proceeding, and they do not reach the point here under consideration.

Appellant takes the alternate position that even if an unauthorized libelous

report may not be the basis for a suit against the officials making it, the privilege should not be extended to third parties. This question has been considered in Parsons v. Age-Herald Publishing Co., 181 Ala. 439, 61 So. 345, and Williams v. Journal Co., 211 Wis. 362, 247 N.W. 435. In those cases it was pointed out that where a third party publishes a public record made in the course of a judicial proceeding he is within the protection of the doctrine of privilege which protects the authors of the record. It has been recognized in Kentucky that the publication of a report of judicial proceedings by a third party is privileged. Register Newspaper v. Stone, 31 Ky.Law Rep. 458, 102 S.W. 800, 11 L.R.A.,N.S., 240; Begley v. Louisville Times Co., Inc., 272 Ky. 805, 115 S.W.2d 345; Paducah Newspapers, Inc., v. Bratcher, 274 Ky. 220, 118 S.W.2d 178.

This principle likewise strikes us as sound. The public must be presumed interested in official acts and records. It would impose an unreasonable burden upon newspapers or others who wish to report on public proceedings to require them to determine at their own risk whether or not a court or grand jury was acting within or without its powers in a proceeding over which it clearly had apparent jurisdiction. As pointed out by appellees' counsel, the doctrine of absolute privilege is like a protective roof extending over judicial proceedings. If the immediate participants in the act are protected, the record made certainly has the color of authenticity, and those who do no more than republish the record should not be adjudged guilty of wrongdoing.

As we have before suggested, a report of this nature may constitute a vicious attack upon one's character and may well offend the American sense of fair play. This was recognized by the trial judge in his excellent opinion. However, we have one of those situations where the right of the individual must be sacrificed to a more compelling public interest.

The judgments are affirmed.

CAMMACK, J., concurs in the result, but is of the opinion that a grand jury report should not properly be designated as a judicial act, since such act may only be performed by a judge.