Jane R. WISEMAN, Plaintiff-Appellant,

v.

Ben C. SPAULDING, Jr.,
Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section.

June 30, 1978.

Certiorari Denied by Supreme Court
Oct. 30, 1978.

T. Arthur Jenkins, Manchester, for plaintiff-appellant.

Don L. Smith, Nashville, for defendant-appellee.

## ABRIDGED OPINION

*With the concurrence of participating judges, the original opinion has been abridged for publication.*

TODD, Judge.

█ The plaintiff, Jane R. Wiseman, has appealed from the action of the Trial Judge in sustaining defendant's motion to dismiss because the complaint fails to state a cause of action upon which relief can be granted.

The first assignment of error asserts error in sustaining defendant's motion.

The complaint avers that defendant libeled plaintiff by suing out a General Sessions civil warrant against plaintiff for an alleged debt of $1,126.00 and by signing an "application for execution" stating that plaintiff owed defendant $1,145.00; that the imputation of indebtedness was false, malicious and libelous; and that plaintiff suffered injury as a result.

On May 3, 1977, defendant filed a motion to dismiss on four grounds:

1.  The complaint shows on its face that plaintiff suffered a judgment to be entered against her which estops her from any action based upon malicious prosecution.
2.  The statements and publication thereof as alleged are not defamatory.
3.  The alleged defamatory statements are shown to be true by the complaint.
4.  The alleged statements are shown by the complaint to be privileged as having been made in the course of judicial proceedings.

On May 26, 1977, the Trial Judge entered an order sustaining defendant's motion and dismissing the cause.

In *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962), Trice, an unsuccessful defendant, moved for a new trial on grounds that Jones, a spectator, had improper communications with the trial jury to the prejudice of defendant's case. Jones sued Trice for libel based upon the assertions in the motion for a new trial. The Supreme Court affirmed the action of the Trial Judge in sustaining a demurrer and said:

"[1] The general rule is that statements made in the course of judicial proceedings which are relevant and pertinent to the issues are absolutely privileged, and therefore cannot be used as a basis for a libel action for damages. This rule holds true even though such statements are false, known to be false or even malicious. *Hayslip v. Wellford*, 195 Tenn. 621, 263 S.W.2d 136, 42 A.L.R.2d 820, and cases cited therein.

.    .    .    .    .

[2] Underlying this general doctrine of absolute immunity from liability in libel and slander for statements made in the course of a judicial proceeding is a policy decision by the courts that access to the judicial process, freedom to institute an action, or defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of an individual to a legal remedy where he has been wronged thereby.

.    .    .    .    .

[4] We do not believe that any distinction in the general rule has been made or should be made in the cases where the defamatory matter is within an affidavit in support of a motion for a new trial, and it is immaterial whether the affidavit is a separate writing or is incorporated into the motion.

.    .    .    .    .

[7] We believe a fair statement of the rule in Tennessee to be that statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding."

Other Tennessee authorities to the same effect are annotated in 13A Tenn. Digest, Libel & Slander, ☜38, pp. 390 et seq.

Because the statements alleged were made in the course of a judicial proceeding and were pertinent to said proceeding, they were absolutely privileged, and this shows conclusively on the face of the complaint. The complaint therefore does not state a cause of action for which relief can be granted, and plaintiff's suit was properly dismissed.

The second assignment of error complains that the Trial Judge declined to void all of his previous actions and to recuse himself as requested in motions filed by plaintiff subsequent to the order of dismissal.

One of said motions, unsworn and unsupported by affidavit filed on June 24, 1977, alleges the following:

1. Counsel for plaintiff and defendant agreed to postpone the hearing on defendant's motion to dismiss from May 13, 1977, to June 24, 1977, and as a result, counsel did not appear to argue said motion on May 13.

2. That counsel discussed but did not agree upon an amendment of the complaint to allege that she was not served with process when sued by defendant; that, due to a misunderstanding as to trial date, plaintiff did not appear for trial of said case; that defendant herein had admitted to plaintiff that she owed him nothing and agreed to remove her name from the general sessions judgment.

3. The ruling of the Trial Judge on May 26, 1977, came as a surprise to both counsel.

Said motion requests that the order of May 26, 1977, be set aside.

In most Trial Courts it is the practice to allow counsel the opportunity of oral argument upon motions, but no authority has been cited or found which requires such opportunity.

In *Jerkins v. McKinney*, Tenn. 1976, 533 S.W.2d 275, 279, one of the complaints was that a motion for new trial had been overruled without opportunity for argument. The Supreme Court affirmed the Chancellor and said:

"[4] Oral argument is especially unnecessary when only questions of law are concerned. *Butterman v. Walston & Co.*, 50 F.R.D. 189 (E.D.Wis.1970)

The Tennessee Rules of Civil Procedure contain no requirement that trial judges permit argument on motions for a new trial, nor do the rules of practice of the chancery court, as incorporated in T.C.A. § 21–1401.

We do not for one instant minimize the importance of argument. We note with passing interest Chancellor Gibson's famous footnote 31 to § 546, *Gibson's Suits in Chancery* (5th ed.)

'In arguing a cause, lawyers should keep in mind that a Justice of the Peace needs less argument than a juror, that a Circuit Judge needs less than a Justice of the Peace, that a Chancellor needs less than a Circuit Judge, and that an Appellate Judge needs less than a Chancellor. Nevertheless, they are all benefited by sound argument, and especially by the production of pertinent law.'"

■ The preceding precludes any reversal of an otherwise correct ruling for lack of opportunity for oral argument.

Moreover, the order of the Trial Judge states:

"Argument on the original motion to dismiss was not continued by the Court from the regular motion date of May 13, 1977, and the Court was never notified that any such motion to continue argument was to be made. The Court was not contacted in any regard by any person regarding a continuance of argument on said motion."

On July 29, 1977, plaintiff filed a motion asking that the Trial Judge recuse himself because of personal friendship with the defendant. Said motion was supported by affidavit of plaintiff as to various facts and circumstances from which she concluded as follows:

"I feel Judge Ewell has allowed his social relationships with Dr. Ben C. Spaulding, Jr., to influence his judicial conduct or judgment together with the fact he has found disfavor with my husband, my father, and myself."

On August 23, 1977, said motion was overruled.

Appellant cites no authority except Canon 3(c)(1) of the Code of Judicial Conduct as follows:

"C. Disqualification

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

It should be emphasized at this point that the issue before this Court is not the propriety of the judicial conduct of the Trial Judge, but whether he committed reversible error, i. e. committed error which resulted in an unjust disposition of the cause.

A judge's determination of whether he will disqualify himself from sitting in a case is a matter within his discretion. *State of Tenn. ex rel. Phillips v. Henderson, Warden,* 220 Tenn. 701, 423 S.W.2d 489 (1968).

The affidavit of appellant contains nothing more than circumstances from which it might be inferred that the Trial Judge might have some reason to have a favorable or unfavorable opinion of the parties. The result being correct, the facts alleged are not sufficient to warrant a finding by this Court that the Trial Judge committed reversible error in refusing to recuse himself retroactively, thereby vacating all his previous actions in the case.

The ruling of the Trial Judge was one of law in which this Court concurs. It would not be in order for this Court to set aside a correct ruling of law on grounds of alleged prejudice when to do so would be an exercise in futility. It would be an idle gesture to reverse and remand for a ruling by another judge when his ruling must, perforce, be the same, else this Court would reverse and correct on appeal.

The judgment of the Trial Judge is affirmed. Costs of this appeal are taxed against appellant.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.