IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 18, 2015


**OPHELIA CARNEY v. SANTANDER CONSUMER USA**

**Appeal from the Circuit Court for Madison County**
**No. C14217     Kyle Atkins, Judge**

---

**No. W2015-00853-COA-T10B-CV – Filed May 28, 2015**

---

This appeal involves the trial court's denial of a recusal motion. We affirm the trial court's decision to deny the motion to recuse, but vacate the order entered by the trial court while the recusal motion was pending.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Vacated in Part**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Ophelia Carney, Jackson, Tennessee, Pro Se.

Kannon C. Conway, Memphis, Tennessee, for the Appellee, Santander Consumer USA, Inc.

**OPINION**

**Background**

This is an interlocutory appeal of the trial court's denial of a motion to recuse filed pursuant to Tennessee Supreme Court Rule 10B. Pursuant to Rule 10B, if this Court determines that no answer from the opposing party is necessary, it may dispose of the recusal appeal summarily. *See* Tenn. Sup. Ct. R. 10B, § 2.05. After reviewing the documents submitted by Respondent/Appellant Ophelia Carney in support of her recusal appeal, we have determined that no response is necessary from the opposing party

Petitioner Santander Consumer USA, Inc. ("Santander"). We further conclude that no oral argument is required. Accordingly, we will determine whether recusal was appropriate solely on the basis of Ms. Carney's submission to this Court.

Ms. Carney filed a civil warrant against Santander in the General Sessions Court for Madison County on June 21, 2014. The civil warrant alleged that Santander had wrongly retained possession of Ms. Carney's automobile and that she was owed possession of the car and a money judgment of $25,000.00 as a result. Ms. Carney purported to mail a copy of the civil warrant to Santander at 1010 Mockingbird Lane, Suite 100, Dallas, Texas 75247. The general sessions court held a hearing on Ms. Carney's civil warrant on July 21, 2014. Because no representative for Santander appeared, Ms. Carney was granted a default judgment in the amount of $25,000.00, along with possession and costs. Ms. Carney subsequently issued a garnishment summons against Santander on August 1, 2014.

Thereafter, on August 22, 2014, Santander filed a petition for a writ of certiorari in the Madison County Circuit Court ("trial court"). Santander alleged that the garnishment was the first time that Santander received notice of the action in the general sessions court. According to Santander, the address that Ms. Carney utilized to serve notice of the civil warrant did not belong to Santander. Accordingly, Santander argued that the default judgment was void. *See **Ramsay v. Custer***, 387 S.W.2d 566, 569 (Tenn. Ct. App. 2012) (citing ***Overby v. Overby***, 457 S.W.2d 851, 852 (Tenn. 1970)). In the alternative, Santander contended that the default judgment should be set aside due to excusable neglect. The petition was accompanied by the sworn affidavit of the Senior Vice President of Santander, who stated that property located at the address where the Civil Warrant was sent did not belong to Santander and that no notice was ever sent to Santander's authorized agent for service of process in Tennessee.

It is unclear exactly what transpired thereafter in the trial court. At some point, the trial court set aside the default judgment against Santander and ordered that the case would proceed to trial. According to the record, the case was set for a hearing on March 30, 2015, wherein the trial court was to set a trial date. The hearing apparently occurred, and a trial date was set.[1] Ms. Carney asserts that the March 30, 2015 hearing was intended to be an evidentiary hearing on the issue of whether the default judgment was set aside, but that she was prevented from presenting evidence on this issue.

Thereafter, Ms. Carney filed several motions to set aside the circuit court's order. All of Ms. Carney's motions were eventually denied. In turn, Santander filed a motion for a more definite statement. It appears that this motion was granted prior to April 13, 2015

---

[1] Nothing in the order indicates that the hearing was for any purpose other than to set a trial date.

because Ms. Carney filed a "Response for Definite Statement" on that day. After Ms. Carney filed her third motion to reconsider the Circuit Court's ruling, Santander apparently filed a second motion for a more definite statement and for sanctions against Ms. Carney.

In the meantime, on March 31, 2015, Ms. Carney filed her first motion to recuse the trial judge. In her motion, Ms. Carney alleged that the trial judge refused to allow Ms. Carney to present newly discovered evidence regarding the service of the civil warrant, refused to consider Ms. Carney's evidence that counsel for Santander "gave false and misleading testimony," failed to properly prepare the record for Ms. Carney's appeal, had a "basically ex parte communication" with Santander's counsel, repeatedly directed Ms. Carney to obtain an attorney, exhibited bias against Ms. Carney, refused to allow Ms. Carney a fair trial, and failed to follow the law surrounding writs of certiorari. Ms. Carney supported her recusal motion with sworn affidavits. On April 13, 2015, Ms. Carney amended her motion to correct an error in the heading.

Santander filed a motion in opposition to Ms. Carney's recusal motion on or about April 15, 2013. Santander generally argued that Ms. Carney's allegations were conclusory, unsupported, and not the proper basis for recusal of a trial judge. While Ms. Carney's recusal motion was pending, on April 20, 2015, the trial court entered an order granting Santander's second motion for a more definite statement. The trial court allowed Ms. Carney sixty days to file an amended complaint. The trial court stated that should Ms. Carney fail to comply with this directive, her claim would be dismissed.

Ms. Carney asserts that a hearing was held on May 4, 2015 on her recusal motion. Again, Ms. Carney contends that she was not allowed to present evidence at this hearing. On May 7, 2015, counsel for Santander submitted to Ms. Carney a proposed order denying the recusal motion for her review. Ms. Carney filed an objection to the proposed order on May 11, 2015. The trial court entered a written order denying Ms. Carney's recusal motion on May 12, 2015. Therein, the trial court stated:

> That pursuant to Rule 10B the Tennessee Supreme Court, the Motion for Recusal should state, with specificity, all grounds supporting disqualification. Although M[]s. Carney stated conclusory opinions, there were no facts stated indicating any bias or prejudice towards [Ms. Carney] in this matter. The only allegation resembling a specific factual ground for disqualification is that the Court has not ruled in Ms. Carney's favor. This alone is not sufficient for recusal. It should be noted that this Court has repeatedly informed Ms. Carney that he is not deciding the case on the merits and will take into

3

consideration all properly admitted evidence in reaching that decision.[2]

With regard to any ex-parte communication, Ms. Carney has produced no specific facts concerning when, where, or what the substance of any ex-parte conversations between the Court and counsel for Santander. In fact, there have been no ex-parte communications between the Court and counsel for Santander, except regarding hearing dates. This is the same type of ex-parte communication the Court has had with Ms. Carney.

The motion also fails to state that it is not being presented for an improper purpose as required by Rule 10B. This requires denial of the motion.

The Court finds that the petition does not state any grounds for recusal. Further, the Court finds that he has no bias or prejudice for or against either party and there is no reason he can't fairly decide this matter on the merits.

On May 8, 2015, Ms. Carney filed an accelerated interlocutory appeal to this Court of the trial court's denial of her recusal motion.[3]

## Analysis

As an initial matter, we note that Ms. Carney has proceeded pro se in the trial court and in this Court. It is well settled that pro se litigants must comply with the same standards to which lawyers must adhere. As explained by this Court:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.

---

[2] We discern from this statement that the trial court is attempting to explain that simply setting aside the default judgment against Ms. Carney does not mean that she cannot prevail in her claim for damages against Santander. Indeed, the record indicates that prior to recusal becoming an issue, a trial date was set to determine the substantive issues in this case.

[3] Ms. Carney's appeal appears to have been taken prior to the entry of the order denying her recusal motion. Regardless, her appeal was filed within the time frame allowed by Tennessee Supreme Court Rule 10B.

However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug.12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). With the foregoing in mind, we turn to address first the procedural issues in this case.

Pursuant to Tennessee Supreme Court Rule 10B, a litigant is entitled to seek disqualification of a trial judge by filing a motion that: (1) is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01.

Upon filing of such motion, the judge whose recusal is sought shall either grant or deny the motion in writing. If the motion is denied, the judge shall state in writing the grounds for the denial. Tenn. Sup. Ct. R. 10B, § 1.03. Additionally, if the motion is denied, the movant may file an accelerated interlocutory appeal of the denial. According to Section 2.02 of Rule 10B of the Rules of the Tennessee Supreme Court:

> To effect an accelerated interlocutory appeal as of right from the denial of the motion, a petition for recusal appeal shall be filed in the appropriate appellate court within fifteen days of the trial court's entry of the order. In civil cases, a bond for costs as required by Tenn. R. App. P. 6 shall be filed with the petition. A copy of the petition shall be promptly served on all other parties, and a copy also shall be promptly filed with the trial court clerk.

Tenn. Sup. Ct. R. 10B, § 2.02. The movant is also required to include copies of "any order or opinion and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

As found by the trial court, Ms. Carney's motion does not affirmatively state that it is not being presented for any improper purpose. *See* Tenn. Sup. Ct. R. 10B, § 1.01. Tennessee Courts have indicated that the inclusion of this statement is mandatory and

5

may result in waiver of the recusal issue on appeal. *See **In re American Bonding Company***, No. M2014-00249-CCA-R3-CD, 2015 WL 832513, at *6 (Tenn. Crim. App. Feb. 26, 2015); *see also **In re Adison P.***, No. W2015-00393-COA-T10B-CV, 2015 WL 1869456, at *6–*7 (Tenn. Ct. App. Apr. 21, 2015) (Gibson, J., dissenting).

In addition, Ms. Carney's submission to this Court seeks redress for several allegedly erroneous rulings made by the trial court, including decisions concerning the rules governing petitions for writs of certiorari, the alleged removal of the case from general sessions court to circuit court, the propriety of Ms. Carney's service on Santander in the underlying general sessions action, and whether Ms. Carney should be granted a hearing in the trial court to present evidence that the order setting aside the default judgment was obtained by fraud. Review in an accelerated appeal under Rule 10B, however, is limited to whether the trial court erred in complying with Rule 10B or in denying the motion to recuse. *See **McKenzie v. McKenzie***, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014) (no perm. app. filed); ***In re Conservatorship of Tate***, No. M2012-01918-COA-10B-CV, 2012 WL 4086159, at *3 (Tenn. Ct. App. 2012) (in an accelerated interlocutory appeal of the denial of a recusal motion, considering also the issue of whether the trial court violated Rule 10B in entering an order on a contested matter while the recusal motion was pending). In our view, there are two issues raised by Ms. Carney that are properly reviewable in this case: (1) whether the trial court erred in denying Ms. Carney's recusal motion; and (2) whether the trial court erred in entering orders while Ms. Carney's motion to recuse was pending. We will consider each issue in turn.

**I.**

Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" It is well-settled that "'[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right.'" ***Bean v. Bailey***, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting ***State v. Austin***, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, § 11 of the Tennessee Constitution, Tennessee Code Annotated § 17-2-101, and the Code of Judicial Conduct prohibit a judge from presiding over a matter in which the judge has an interest in the outcome or where the judge is connected to either party. The purpose of the prohibition is to "guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court [] reached a prejudged conclusion because of interest, partiality, or favor." ***State v. Austin***, 87 S.W.3d 447, 470 (Tenn. 2002) (citation omitted). Additionally, we have emphasized that "the preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be

impartial." ***Kinard v. Kinard***, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (citations omitted). Accordingly, even in cases wherein a judge sincerely believes that she can preside over a matter fairly and impartially, the judge nevertheless should recuse herself in cases where a reasonable person "'in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" ***Davis v. Liberty Mut. Ins. Co.***, 38 S.W.3d 560, 564–65 (Tenn. 2001) (quoting ***Alley v. State***, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). It is an objective test designed to avoid actual bias and the appearance of bias, "since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." ***Davis***, 38 S.W.3d at 565 (citation omitted). We review the trial court's denial of a motion for recusal under a *de novo* standard of review. Tenn. S. Ct. R. 10B, § 2.06.

From our review of Ms. Carney's recusal motion and her submission to this Court, Ms. Carney's allegations can generally be divided into three categories: (1) conclusory allegations of bias; (2) allegations that the trial court has failed to follow the law; and (3) an allegation that the trial judge and counsel for Santander engaged in an ex parte communication. We consider each of these in turn.

We first consider Ms. Carney's allegation that the trial judge has exhibited bias against her by ruling against Ms. Carney with regard to setting aside the default judgment entered against Santander and Ms. Carney's subsequent requests to reconsider that ruling based upon allegedly newly discovered evidence. Adverse rulings, however, do not provide grounds for recusal in light of the "adversarial nature of litigation." ***Id.*** Further, although "bias" and "prejudice" are terms that usually refer to "a state of mind or attitude that works to predispose a judge for or against a party. . . . Not every bias, partiality or prejudice merits recusal." ***Alley v. State***, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). Rather, "[t]o disqualify, prejudice must be of a personal character, directed at the litigant, [and] 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" ***Id.*** (quoting ***State ex rel. Wesolich v. Goeke***, 794 S.W.2d 692, 697 (Mo. Ct. App. 1990)). "If the bias is alleged to stem from events occur[r]ing in the course of the litigation . . . , the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." ***Runyon v. Runyon***, No. W2013-02651-COA-T10B-CV, 2014 WL 1285729, at *6 (Tenn. Ct. App. Mar. 31, 2014) (no perm. app. filed) (quoting ***McKenzie v. McKenzie***, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (no perm. app. filed)).

In addition, this Court has repeatedly held that "[w]ithout more,[] unsupported allegations of bias are simply too vague to require the trial court's recusal." ***Bledsoe v. Bledsoe***, No. W1999-01515-COA-R3-CV, 2000 WL 371196, at *6 (Tenn. Ct. App.

2000); *see, e.g., **Ellison v. Alley***, 902 S.W.2d 415, 418 (Tenn. Ct. App.1995) (affirming trial court's refusal to recuse itself where appellants' motion and affidavit alleged merely that Chancellor "would likely be biased against" appellants); ***State v. Parton***, 817 S.W.2d 28, 30 (Tenn. Crim. App. 1991) (affirming trial court's refusal to recuse itself where appellant's motion merely alleged that, in prior hearings, judge had exhibited bad attitude and had always imposed maximum sentence against appellant); ***Wiseman v. Spaulding***, 573 S.W.2d 490, 493 (Tenn. Ct. App. 1978) (affirming trial court's refusal to recuse itself where appellant's affidavit contained "nothing more than circumstances from which it might be inferred that the Trial Judge might have some reason to have a favorable or unfavorable opinion of the parties").

Here, both Ms. Carney's motion to recuse and submission to this Court contain exactly the type of "unsupported allegations of bias" that are insufficient to require recusal of the trial judge. *See **Bledsoe***, 2000 WL 371196, at *6. Furthermore, Ms. Carney's contention that the trial court is biased appears to stem from the trial court's multiple rulings against Ms. Carney. Even multiple adverse rulings, standing alone, do not establish that a trial judge is biased against a litigant. *See, e.g., **Herrera v. Herrera***, 944 S.W.2d 379, 397 (Tenn. Ct. App. 1996). Additionally, nothing in Ms. Carney's recusal motion or submission to this Court indicates that any alleged bias on the part of the trial court stems from information other than what the trial judge learned from participation in the case, *see **Alley***, 882 S.W.2d at 821, or that such alleged bias is so pervasive as to deny Ms. Carney a fair trial. *See **Runyon***, 2014 WL 1285729, at *6. We note that the trial court emphasized in its order denying the motion that it was not denying Ms. Carney the opportunity to present evidence against Santander, but was simply setting aside the default judgment to allow Santander to defend against Ms. Carney's allegations. Nothing in the record leads this Court to conclude that this ruling was the result of a bias against Ms. Carney. Accordingly, this issue provides no basis to support recusal of the trial judge.

Ms. Carney also argues that the trial court made multiple erroneous rulings regarding whether she is entitled to present witnesses, whether counsel for Santander presented "false and misleading testimony," whether the defendant is required to come to court to be cross-examined, whether Santander's requested relief falls within the ambit of a writ of certiorari, and whether a petition for a writ of certiorari must be supported by an oath or affirmation or be subject to dismissal. As this Court has noted, however, "[r]ulings of a trial judge, **even if erroneous**, numerous and continuous, do not, without more, justify disqualification." ***Johnston v. Johnston***, No. E2015-00213-COA-T10B-CV, 2015 WL 739606 (Tenn. Ct. App. Feb. 20, 2015) (emphasis added) (quoting ***Alley v. State***, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). Accordingly, the simple fact that the trial court may have made numerous allegedly erroneous rulings against Ms. Carney is

8

simply insufficient to support recusal. Instead, Ms. Carney is free to challenge the trial court's substantive rulings in an appeal from the trial court's final order in the cause. *See generally* Tenn. R. App. P. 3.

Finally, Ms. Carney alleges that an ex parte communication occurred between the trial judge and counsel for Santander, which communication requires recusal. Communications with a judge outside the presence of both parties are generally prohibited by Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.9. Code of Judicial Conduct Rule 2.9(A) states that a judge shall not "initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding." However, Code of Judicial Conduct Rule 2.9 (A)(1) makes clear that "[w]hen circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted," so long as the judge reasonably believes that no party will gain an advantage due to the communication, and the parties are notified of the substance of the communication. Tenn. R. Sup. Ct. 10, Rule 2.9(A)(1). Additionally, an ex parte communication will only serve as an appropriate ground for the recusal of a trial judge "where it creates an appearance of partiality or prejudice against a party so as to call into question the integrity of the judicial process." *Runyon*, 2014 WL 1285729, at \*9 (citing *Malmquist v. Malmquist*, 415 S.W.3d 826, 839–40 (Tenn. Ct. App. 2011)).

In this case, Ms. Carney does nothing more than assert, with supporting affidavits, that an ex parte communication must have occurred between the trial judge and counsel for Santander because Santander appeared at a hearing and attempted to persuade Ms. Carney that she should obtain counsel to prosecute her case. Nothing in Ms. Carney's recusal motion, supporting affidavits, or submission to this Court indicates the time, place, or substance of any alleged ex parte communication. Even considering this allegation in the light most favorable to Ms. Carney, we must conclude that this constitutes, at most, a communication between the trial judge and counsel for Santander concerning scheduling or administrative matters. Ms. Carney does not allege that she was in any way prejudiced by this communication or that this communication was concealed from her. Clearly, such communications are permitted by Rule 10, Section 2.9(A)(1). Finally, nothing in the record indicates that this alleged communication "creates an appearance of partiality or prejudice against a party so as to call into question the integrity of the judicial process." *Runyon*, 2014 WL 1285729, at \*9. Accordingly, this allegation also provides no basis for recusal.

After thoroughly reviewing the record, we must conclude that Ms. Carney has failed to show that a reasonable person "in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's

impartiality." ***Davis***, 38 S.W.3d at 565 (citation omitted). Ms. Carney has simply not submitted any evidence that the trial judge's action in this case was the result of improper bias, prejudice, impropriety, or harassment. Accordingly, we affirm the trial court's denial of Ms. Carney's recusal motion.

## II.

Next, Ms. Carney asserts that the trial court violated Tennessee Supreme Court Rule 10B in entering orders while Ms. Carney's recusal motion was pending. As previously discussed, Ms. Carney filed her original recusal motion on March 31, 2015. The motion was not denied until May 12, 2015. In the intervening time, on April 20, 2015, the trial court entered an order granting Santander's second motion for a more definite statement and requiring Ms. Carney to file timely file an amended complaint, lest her case be dismissed.

Rule 10B, Section 1.02 states: "While the [recusal] motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." Nothing in the trial court's order on April 20, 2015 indicates that there was good cause for considering the second motion for a more definite statement notwithstanding the pending recusal motion. This Court has found only two cases addressing this issue. In the first, ***In re Conservatorship of Tate***, No. M2012-01918-COA-10B-CV, 2012 WL 4086159 (Tenn. Ct. App. Sept. 17, 2012), the trial court heard a motion to sell real property and a motion to recuse on the same day and ruled on both motions from the bench. ***Id.*** at \*3. The written order on the motion to sell was entered several days prior to the entry of the order denying the motion to recuse. The Court of Appeals noted that the trial court's action was not the "better practice" but concluded that in the specific circumstances presented, the trial court did not err, especially given the Court of Appeals' affirmance of the recusal motion. ***Id.***

In contrast, the Court of Appeals in the second case, ***Rodgers v. Sallee***, No. E2013-02067-COA-R3-CV, 2015 WL 636740 (Tenn. Ct. App. Feb. 13, 2015) (no perm. app. filed), held that the trial court erred in entering orders on contested matters while a recusal motion was pending. In ***Rodgers***, the trial court rendered an oral ruling on a motion to set aside a default judgment, but a recusal motion was filed before a written order was entered. Regardless, while the recusal motion was pending, the trial court entered an order denying the motion to set aside the default judgment, as well as orders on two other matters. The trial court subsequently granted the motion to recuse. ***Id.*** at \*4. On appeal, the Court of Appeals concluded that because the trial court found sufficient basis to withdraw from the case, it should not have entered substantive rulings on contested

matters while the recusal motion was pending. Accordingly, the **Rodgers** Court vacated the orders entered by the trial court while the recusal motion was pending. **Id.** at \*5.

Here, like in **Tate**, we have affirmed the trial court's denial of Ms. Carney's recusal motion. The facts in this case, however, are not analogous to the facts in **Tate**. While in **Tate** the trial court ruled on the motion to sell on the same date as the recusal motion, here it is clear that the trial court granted the motion for a more definite statement well before issuing its order on the recusal motion. The order granting the motion for a more definite statement contains a specific timeline for filing an amended complaint that Ms. Carney must comply with, lest her case be dismissed. Ms. Carney was then put in the difficult position of either waiting for the trial court to rule on the recusal motion, or moving forward with an effort to comply with the trial court's April 20, 2015 order. The purpose behind Rule 10B, Section 1.02 is clearly to avoid exactly this type of issue. Moreover, by the time the recusal motion was actually resolved, Ms. Carney's time for complying with the April 20, 2015 order decreased by nearly half. Accordingly, Ms. Carney was clearly prejudiced by the trial court's violation of Rule 10B, Section 1.02. Under these circumstances, we vacate the April 20, 2015 order of the trial court. Nothing in this Opinion should be construed as preventing the trial court from entering an order establishing a new timeline on remand.

## Conclusion

The trial court's order denying the motion for recusal is affirmed. The trial court's entry of the April 20, 2015 order granting the motion for a more definite statement is vacated. This cause is remanded to the trial court for all further proceedings as are necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Ophelia Carney. Because Ms. Carney is proceeding in forma pauperis in this appeal, execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

11