Harris, J.,
delivered the opinion of the Court.
This action for a libel was brought in the Circuit Court of Grainger county. The declaration charges that, in a *112 return to a writ of habeas corpus for two apprentices which the plaintiff alleged the defendant wrongfully detained from her, and as causes why he detained them, the defendant wantonly and maliciously published a false and scandalous libel, of the tenor and effect following, to wit: “ I, James M. White, to whom the within writ of habeas corpus has been made known, hereby return as the cause of retaining the within-mentioned negroes in my possession, that, at the November session of the County Court of Grainger county, the order binding out said children was revoked,” on the ground “ that said Mary C. Lea was and is wholly insolvent, and utterly unable to support them, or to perform the covenant of indenture: said children were cruelly neglected and maltreated by said Mary C. Lea, while in her possession; and there was reason to believe that they would be sold by Mary C. Lea, or by her order, as-slaves.”
To this declaration the defendant demurred, and the demurrer was sustained by the Court. The plaintiff was then permitted to file an amended declaration, in which the same charges are set out, omitting the averment - that the alleged libellous matter was written as a return to a writ of habeas corpus; but averring that the said libel was untrue, malicious, and without probable cause. To this, the defendant pleaded specially the proceedings upon said writ of habeas corpus, and that said supposed libel was a part of his return, made in obedience to said writ, in the due course of a legal proceeding. The replication to this plea neither denies nor admits that said libel was published as a return to a writ of habeas corpus in a judicial proceeding, but avers that if it was, the same was wantonly, uselessly, maliciously, and libellously introduced, to defame the *113 character of the plaintiff, and not for the causes set forth in defendant’s plea. To this the defendant demurred, and the demurrer was sustained by the Court, and final judgment rendered for the defendant; and the plaintiff has appealed in error to this Court.
The question presented by the pleadings is, whether a publication, made in the course of a judicial proceeding, is actionable where it is untrue, malicious, and not strictly relevant to the question in issue? There are many occasions upon which the legal presumption of malice, from the fact that the words are defamatory, does not arise.
The communications are, on account of the occasion on which they were made, prima facie, or, as the books have it, “ conditionally privileged; that is, they do not amount to defamation until it appears that the communication had its origin in actual malice in fact.” In such cases, it will be incumbent on the plaintiff to show, in addition to the injurious publication, a malice in fact, and that the occasion was seized upon as a mere pretext. In this class are embraced “ all cases where the author of the alleged mischief acted in the discharge of any public or private duty, legal or moral, which the ordinary exigencies of society, or his own private interest, or even that of another, called upon him to performsuch as giving the characters of servants, official communications, reports of judicial proceedings, and many other cases not necessary now to notice. Cooke on Defamation, 33, 34; 1 Stark, on Sian., 402.
But there is another class of cases which are absolutely privileged, and “depend in no respect for their protection upon their bona fides.” “ The occasion is an absolute privilege ; and the only questions are, whether the occasion *114 existed, and whether the matter complained of was pertinent to the occasion.” 1 Stark, on Slander, 408, 404; Cooke on Defamation, 48, top p.
In this class are embraced judicial proceedings. “ The proceedings connected with the judicature of the country are so important to the public good, that the law holds that nothing which may be therein said with probable cause, whether with or without malice, can be slander; and, in like manner, that nothing written with probable cause, under the sanction of such occasion, can be a libel.” Ib., 49.
The pertinency of the matter to the occasion is that which is meant by probable cause; and probable cause is, in this class of absolutely privileged communications, what bona fides is to the class of constitutionally privileged communications, which we have seen are protected, unless there is malice in fact. Ib., 48. Then the question is presented in the case before us, was there probable cause ? or, in other words, could the defendant have reasonably supposed it necessary to his defence to return, on the writ of habeas corpus, the alleged libellous matter ? We think that he might have reasonably supposed that the statement would exert an influence on the mind of'the Court; and this being so, he had a right to introduce it, and rely upon it in his defence. And having this right, he is, under the law, absolutely privileged, though he may have also been actuated by motives vindictive and malicious.
It certainly cannot be maintained that, because a person is malicious in his sentiments towards the adverse party, therefore he will not be permitted to. set up in his defence any matter that he may reasonably suppose would be available.
*115 “ The parties, or their representatives, are entitled to state any thing which, although not strictly relevant, may be fairly supposed by them to weigh with the Court.” Doyle vs. O’Dougherty, 1 C. & Marsh. 421; Cooke on Def., 49.
“Where A., having summoned B., his master, before a court of conscience for wages, and B. there utters words imputing felony to A., if this charge be necessary to B.’s defence, no action can be maintained against him by A. for defamation.” Trotman vs. Dunn, 4 Camp., 211; Cooke on Def., 49.
The question whether there be or be not reasonable or probable cause, may be for the jury or not, according to the particular circumstances of the case.” Ib., 50.
We think, in the present case, that whether the matter complained of could reasonably have been thought by the defendant necessary to his defence, was properly a question for the Court; and that it was correctly decided as being a case within the class of absolutely privileged communications, and therefore not actionable; and we affirm the judgment.