W. W. ROBERTS *v.* BOB PARKER, *et al.**

(*Knoxville.* September Term, 1927.)

Opinion filed November 21, 1927.

1. **LIBEL. PRIVILEGED COMMUNICATION. JUDICIAL PROCEEDING.**

It is a recognized principle of law that a publication in a judicial proceeding, although made with malice, if pertinent to the proceeding, or if fairly supposed to be so, is absolutely privileged. (Post, p. 83.)

Citing: Cooley v. Galyon, 109 Tenn. (1 Cates), 1; Crockett v. McLanahan, 109 Tenn. (1 Cates), 517; 36 C. J., 1239; 17 R. C. L., 330.

2. **JUDICIAL PROCEEDING. DEFAULTING OFFICER.**

Petition filed with the county judge protesting against the induction into office of one who it is alleged had formerly held said office and was ineligible to again fill said office because he had defaulted in his former term, is under our law a judicial proceeding. (Post, p. 83.)

Citing: Shannon's Code, sec. 1069, subsection 3, 1917 Edition; Day v. Sharp, 128 Tenn. (1 Thomp.), 340; Lewis v. Watkins, 71 Tenn. (3 Lea.), 174; Pucket v. Bean, 58 Tenn. (11 Heis.), 600; Blackburn v. Vick, 49 Tenn. (2 Heis.), 377; Marshall v. Kerns, 43 Tenn. (3 Cold.), 68; Newman v. Justices, 25 Tenn. (6 Hump.), 41.

---

*Effect of defamatory words in pleading as libel, see annotation in 13 L. R. A. (N. S.), 820; 16 A. L. R., 746; 42 A. L. R., 878; 17 R. C. L., 335; 3 R. C. L. Supp., 657; 4 R. C. L. Supp., 1121.

---

*Headnotes 1. Libel and Slander, 36 C. J., section 223; Libel and Slander, 36 C. J., section 230.

---

FROM ROANE.

---

Appeal from the Circuit Court of Roane County.—HON. SAM C. BROWN, Judge.

O. T. TINDELL, HARRIS & EVANS and HORACE M. CARR, for plaintiff in error.

HAGGARD, BURN & WRIGHT, J. RALPH TEDDER and JNO. F. McNUTT, for defendants in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a libel suit, which was dismissed upon demurrer, on the ground that the communication, made the basis of the complaint, is absolutely privileged.

Plaintiff was elected to the office of sheriff in the August, 1924, election. On August 30th defendants filed with the County Judge of Roane County a petition protesting against the induction of plaintiff into office on the ground that he had formerly held said office, and that, at the expiration of his term, he was a defaulter and ineligible to again fill the office, and that his election was void by virtue of section 1069 of Shannon's Annotated Code.

The declaration averred that said publication was untrue, was known to be false, and was made maliciously.

(1) It is a recognized principle of law that a publication in a judicial proceeding, although made with malice, if pertinent to the proceeding, or if fairly supposed to be pertinent, is absolutely privileged. *Cooley v. Galyon,* 109 Tenn., 1; *Crockett v. McLanahan,* 109 Tenn., 517; 36 C. J., 1239; 17 R. C. L., 330.

(2) In the case under consideration we are of the opinion that the matter set forth in the petition was pertinent to the issue involved. If, therefore, the proceeding in the county court was judicial the communication was absolutely privileged.

The procedure of the defendants, by which the issue of ineligibility was raised, has been approved by this court in a number of cases, to-wit: *Day* v. *Sharp,* 128 Tenn., 340; *Lewis* v. *Watkins,* 71 Tenn., 174; *Pucket* v. *Bean,* 58 Tenn., 600; *Blackburn* v. *Vick,* 49 Tenn., 377; *Marshall* v. *Kerns,* 43 Tenn., 68; *Newman* v. *Justices,* 25 Tenn., 41.

Necessarily the action of the court in determining the issue thus raised was judicial in character, and, therefore, the publication, although maliciously made, was absolutely privileged. Affirmed.