R. C. JONES

*v.*

HELEN CORINNE SCALES TRICE.

360 S.W.2d 48.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

536

Wade & Forrester, Pulaski, for plaintiff.

Fyke Farmer, Nashville, for defendant.

Mr. Justice White delivered the opinion of the Court.

This is an action for damages for libel. To the declaration the defendant filed a demurrer, which was sustained by the trial judge, resulting in the appeal now before us.

In general terms the allegations of the declaration are that the plaintiff, R. C. Jones, was present as a visitor in the courtroom during the trial of another case against the defendant as executrix of an estate. Jones was interested in the proceedings, according to the declaration, because he had a similar claim against the estate which was to be tried at a later date. The jury returned a verdict against Mrs. Trice in that case and thereafter she moved for a new trial. One ground of her motion for a new trial was alleged improper influence upon the jury by the plaintiff herein. The motion contained the following statement:

"R. C. Jones was 'in constant attendance at the trial, consulting the members of the Jury at every opportunity * * * bringing whiskey to the courthouse and boasting that he gave drinks to members of the Jury * * * (and he) deported himself before the Jury as one of great authority around the courthouse, displaying an officiousness in the capacity of self-appointed substitute court officer, his actions and conduct necessarily tending to create a prejudice in the minds of the Jury against defendant and in favor of the plaintiffs * *' "

It was further alleged in the declaration that these statements, contained in the motion of Mrs. Trice for a new trial, were false, were known to be false when made and were made with wilful intent to injure the character of the plaintiff. An amendment was filed to the declaration alleging that all of the above ground for a new trial was abandoned and withdrawn by the defendant at the hearing on the motion for a new trial.

The demurrer filed in the instant case pled absolute privilege. The basis for this pleading is that the allegedly

libelous statements were made in the course of a judicial proceeding and as such they could not give a cause on which to predicate civil liability.

In his Brief, the plaintiff, Jones, concedes the nature and purpose of the privilege in judicial proceedings. He contends however that it cannot apply in this case. The argument is that the statements were made against a third party about an issue which was not pertinent to the occasion. He says further that the statements were not pertinent and as evidence thereof they were withdrawn at the hearing. Therefore, they were not privilegd. Finally the plaintiff argues that naming him specifically in the affidavit for a new trial was also wholly irrelevant and unnecessary and thus without privilege.

The defendant contends that the statements were absolutely privileged, that they were pertinent to the occasion, and that the fact that the statements were withdrawn from the motion did not destroy the privilege.

Therefore the question presented on this appeal is whether or not the allegedly defamatory statements are absolutely privileged.

The general rule is that statements made in the course of judicial proceedings which are relevant and pertinent to the issues are absolutely privileged, and therefore cannot be used as a basis for a libel action for damages. This rule holds true even though such statements are false, known to be false or even malicious. *Hayslip v. Wellford*, 195 Tenn. 621, 263 S.W.2d 136, 42 A.L.R.2d 820, and cases cited therein.

The English rule is stated by Gatley in his work on Libel and Slander at page 186, Third Edition, (1938), in this manner:

"There are certain occasions of which public policy and convenience require that a man should be free from responsibility for the publication of defamatory words. Such occasions are well recognized, and the Courts are unwilling to extend their number. No action will lie for words published on any one of these occasions, even though the plaintiff. prove that the defendant published them with full knowledge of their falsity and with the express intention of injuring him * * *.

"An absolute privilege attaches to the following statements:

"I. Statements made in the course of judicial proceedings * * *."

"The general rule in America is the same as in England as respects judges but as to parties, counsel and witnesses is generally qualified to the extent that the defamatory words must be applicable, pertinent or relevant." Newell, Slander and Libel, 393, (4th ed. 1924).

In 33 Am.Jur. at page 123, the following statements of the rule are found:

Section 124. "On the ground of public policy, the law recognizes certain communications as privileged and, as such, not within the rules imposing liability for defamation * * *

"Privileged communications are divided into two general classes, namely: (1) those which are absolutely privileged; and (2) those which are qualifiedly or conditionally privileged * * *."

Section 125 provides, "An absolutely privileged communication is one * * which, by reason of the occasion on which * * * it is made, no remedy can be had in a civil action, however hard it may bear upon a person who claims to be injured thereby, and even though it may have been made maliciously.

"The class of absolutely privileged communications is narrow and is practically limited to legislative and judicial proceedings and other acts of state * * *."

In Section 146 it is said, "The rule is settled in England that judges, counsel, parties, and witnesses are absolutely exempt from responsibility for libel or slander for words, otherwise defamatory, published in the course of judicial proceedings. The same doctrine is generally adhered to in the various jurisdictions throughout the United States, subject to the qualification as to parties, counsel, and witnesses, that in order to be privileged, their statements must be pertinent or relevant to the case * * *."

The same rule was announced early in the State of Tennessee in the leading case of *Lea v. White,* 36 Tenn. 111 at page 113 (1856), wherein this Court said:

"But there is another class of cases which are absolutely privileged, and 'depend in no respect for their protection upon their *bona fides.*' 'The occasion is an absolute privilege; and the only questions are whether the occasion existed, and whether the matter complained of was pertinent to the occasion.' "

This statement in *Lea v .White* has been cited with approval in the cases of *Cooley v. Galyon,* 109 Tenn. 1, 70 S.W. 607, 60 L.R.A. 139; *Crockett v. McClanahan,* 109

Tenn. 517, 72 S.W. 950, 61 L.R.A. 914; *Wells v. Carter,* 164 Tenn. 400, 50 S.W.2d 228; *Dyer v. Dyer,* 178 Tenn. 234, 156 S.W.2d 445, and was referred to in the most recent case of *Logan's Super Market v. McCalla,* 208 Tenn. 68, 343 S.W.2d 892.

In the Restatement of Torts, Section 587, it is stated:

"A party to a private litigation * * is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter had some relation thereto."

█ Underlying this general doctrine of absolute immunity from liability in libel and slander for statements made in the course of a judicial proceeding is a policy decision by the courts that access to the judicial process, freedom to institute an action, or defend, or participate therein without fear of the burden of being sued for defamation is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of an individual to a legal remedy where he has been wronged thereby.

In the case of *Crockett v. McClanahan,* supra 109 Tenn. at 530, 72 S.W. at 593, it was stated:

"The fact that cases of hardship may arise, and persons who have been defamed in the course of judicial proceedings may be left remediless, is no reason why a wholesome legal principle, founded upon reasons of public policy, should be overthrown. A multitude of instances might be cited where the rights of the individual are required to be sacrificed for the public good."

Again in the case of *Lea v. White,* supra 36 Tenn. at 114, the Court said:

"The proceedings connected with the judicature of the country are so important to the public good, that the law holds that nothing which may be therein said with probable cause, whether with or without malice, can be slander; and, in like manner, that nothing written with probable cause, under the sanction of such occasion, can be a libel.

"The pertinency of the matter to the occasion is that which is meant by probable cause * * *."

■ From the above authorities in general and from the Tennessee cases cited, it can be seen that a statement by a judge, witness, counsel, or party, to be absolutely privileged, must meet two conditions, viz: (1) It must be in the course of a judicial proceeding, and (2) it must be pertinent or relevant to the issue involved in said judicial proceeding.

Considering the first condition, it cannot be doubted in the case at Bar that the motion for a new trial and the affidavit of the defendant contained therein about the conduct of the plaintiff were "in the course of a judicial proceeding." However, we have been unable to find any prior case in Tennessee dealing with allegedly defamatory matter in a motion for a new trial.

In the work of Gatley, supra at page 188, the author states:

"It is immaterial whether such (judicial) proceedings take place in open Court or in private, whether they are of a final or preliminary character * * *."

And at page 199 the author states further:

"No action will lie against a party to an action for any defamatory statement made by him (if relevant, in America) in any pleading, answer to interrogatories, or affidavit * * * even though the person to whom it refers is not a party to the proceedings."

Newell, supra, cites a case directly in point at page 408 as follows:

"An affidavit to support a motion for a new trial in an action by a widow to recover for the death of her husband, containing a libelous charge that the widow had been sustaining illicit relations with one of her material witnesses, was absolutely privileged, the allegations being relevant."

Citing *Keeley v. Great Northern Railway Co.*, 156 Wis. 181, 145 N.W. 664; L.R.A. 1915C, 986.

In the case of *Schmitt v. Mann*, 291 Ky. 80, 163 S.W.2d 281, a case in which libelous matter was contained in an affidavit in support of a petition for a new trial, the Court said:

"The petition to set aside the judgment and grant the defendant a new trial was merely a step in the case * * *. The affidavit * * * was executed therefore in a judicial proceeding then pending. If he had testified to the same matter upon the trial of the action for a new trial, his testimony would have been privileged, and the same rule should apply to an affidavit filed with the petition. * * *"

One case in Tennessee has dealt with defamatory matter in an affidavit. It was an action seeking damages

for false imprisonment and libel for allegedly false and malicious statements made in affidavits which led to the commitment of the plaintiff to a state hospital for the insane. The Court upheld the defense of absolute privilege, finding the affidavits were relevant and in the course of an insanity proceeding which was held to be a judicial proceeding. *Dyer v. Dyer,* supra.

■ We do not believe that any distinction in the general rule has been made or should be made in the cases where the defamatory matter is within an affidavit in support of a motion for a new trial, and it is immaterial whether the affidavit is a separate writing or is incorporated into the motion.

The plaintiff questions whether or not the above general rule applies where the defamatory matter concerns a third party or stranger to the judicial proceedings.

In 33 Am.Jur. at page 177, Section 185, the prevailing rule is stated in this manner:

"Where the making of a defamatory statement concerning a third person in an otherwise privileged communication is necessary in order that the communication may be made of value and force, the privilege has been held to extend to cover such a statement, although the third person's name is expressly mentioned. But a statement involving the name of a third person is not justified where the incorporation of the name appears wholly irrelevant and unnecessary."

■ Tennessee is with the weight of authority in holding that it makes no difference that the alleged libel concerns a third party.

We believe that the question has been settled by the Court in *Crockett v. McClanahan,* supra, as follows:

"If, then, the right to make the inquiry is material and pertinent, why should not the rule of exemption from liability, grounded on reasons of public policy, which favors a free and untrammeled investigation in courts of judicature, not apply when the allegation is made concerning a stranger, as if made against a party to the record?"

Turning now to the second condition, that of pertinency or relevancy, we come to the major question presented by the case. It is the contention of the plaintiff that the alleged defamatory statements were irrelevant and therefore are not absolutely privileged.

We quote again from Newell's work on Libel and Slander:

"The theory of privilege involves a variety of conditions of some nicety, and also a doctrine not always of easy application to a set of facts; and such being the case in any trial, whether civil or criminal, while the question of libel or no libel, malice or no malice, are matters of fact for a jury, the question of privilege or no privilege where the circumstances under which the communication was made are not disputed, is entirely one of law for the judge." Newell, supra at 382-83.

"In determining what testimony is pertinent, much latitude must be allowed to the judgment and discretion of those who maintain a cause in court. Much allowance should be made for the earnest though mistaken zeal of a litigant who seeks to redress his wrongs and for the ardent and excited feelings of the fearless, conscientious lawyer who must necessarily make his client's cause his own." Newell, supra at 405.

And in 33 Am.Jur. Page 146, Section 150, the writer states that:

"The question of the relevancy or pertinency of matters contained in the pleadings, when in issue, is never left to the jury, but is a question of law for the court. As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged, the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety."

See also 16 A.L.R. 746.

The pertinency of the matter to the occasion is that which is meant by probable cause. Then the question presented in this case is, was there probable cause or in other words could the defendant have reasonably supposed it necessary to her defense to use the alleged libelous matter.

The plaintiff in his brief argues that the statements made by the defendant against him were not relevant and pertinent because they concern a third party and were about an "issue not pertinent to the occasion." He says they were not pertinent to the occasion because the defendant abandoned the accusations when time for argument on the motion came on to be heard.

The general rule set out above implies that it makes no difference that the contention supported by the alleged libelous statement was abandoned.

It is clear from the authorities that the words "pertinent or relevant" do not mean relevant within the technical rules of evidence. Thus where alleged defamatory matter was contained in an answer but was stricken by a judge as technically irrelevant, it was held that this was not determinative of whether the matter was privileged. *Johnston v. Schlarb*, 7 Wash.2d 528, 110 P.2d 190, 134 A.L.R. 474 (1941).

■ This however is not the precise question involved in the case at bar, for here the matter was voluntarily withdrawn by the defendant. The question before the Court was the motion for a new trial and one ground of that motion was the alleged improper influence on the jury by the plaintiff, Jones. That the affidavit in support of that ground was relevant, seems sufficiently clear. It purports to give the specific nature of the alleged improper influence and named the person allegedly instrumental in such improper influence. Should the fact that this ground of the motion was withdrawn make any difference? We do not think so. In none of our cases has any such limitation or exception to the privilege been held to exist.

Our Tennessee cases have held that relevance in libel cases means reasonably relevant to the judicial proceedings.

The very purpose and intent of the motion for a new trial was to have the court set aside the verdict of the jury. It was the duty of counsel for the defendant therein to prosecute with vigor such motion and to bring to the attention of the court any and all revelant and material matters and things necessary to accomplish that end.

548

This instant suit for libel was brought after the motion for a new trial was filed and before it was formally heard. It could be argued that the withdrawal may have indicated knowledge of falsity of the affidavit, but this is immaterial if the statements contained therein were relevant and pertinent, and we hold that they were.

It could be argued with equal force that the affidavit was withdrawn because of the bringing of the instant lawsuit, but we believe that the withdrawal of the affidavit is immaterial to the proper decision in this case.

■ We believe a fair statement of the rule in Tennessee to be that statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding.

We believe the overwhelming weight of authority in this country supports the conclusions reached herein. Our opinion is consistent with the free and unrestricted use of all reasonably pertinent and relevant information available to litigants in presenting their causes before the courts of this State.

■ Therefore the action of the Trial Court in sustaining the demurrer is approved and the errors assigned to such action are overruled.