# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 24, 2017 Session

## BETTY GRAHAM v. STACY LYNN ARCHER, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 14-C-1100      W. Jeffrey Hollingsworth, Judge**

_____

### No. E2016-00743-COA-R3-CV

_____

This is an invasion of privacy case filed by Betty Graham. It arises out of disclosures made by the defendants in an underlying health care liability action. In the underlying case, the defendants moved to dismiss Graham's case on the ground that she (1) had failed to file a statutory-mandated pre-suit notice and (2) had failed to file with her complaint a certificate of good faith, all as required by the Health Care Liability Act (the Act). Graham claims that she could not comply with the Act because the defendants failed to provide her with the relevant medical records. To demonstrate that they had complied or attempted to comply with Graham's requests for records, the defendants filed in the earlier case two affidavits detailing their response to her requests. After the dismissal of her health care liability action, Graham filed this case for invasion of privacy, alleging that the defendants had wrongfully disclosed her personal medical information by filing the affidavits in the underlying case. The trial court granted the defendants' motions to dismiss. Graham appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Betty Graham, Whitewell, Tennessee, appellant, pro se.

Daniel J. Ripper, Chattanooga, Tennessee, for the appellees, Stacy Lynn Archer and Robinson, Smith & Wells.

H. Dean Clements and Brie Allaman Stewart, Chattanooga, Tennessee, for the appellees, Jeanne Weaver and Spine Surgery Associates P.C..

**OPINION**

**I.**

In August 2013, Graham filed the underlying health care liability action against two doctors and a spinal surgery center. The defendants in that action filed a motion to dismiss based upon Graham's failure to give pre-suit notice pursuant to Tenn. Code Ann. § 29-26-121 and failure to file a certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122. Graham responded by alleging that she had requested her medical records, but that the defendants had failed to provide those records to her. The defendants filed the affidavits of Jeanne Weaver, the office manager for the surgery center, and of Elliott Holt, the CEO of Medi-Copy Services, Inc, demonstrating that they had complied with or attempted to comply with each of Graham's requests for medical records. The court dismissed that action.

On September 11, 2014, Graham brought this action for invasion of privacy against (1) Jeanne Weaver; (2) Spine Surgery Associates, PC, the spine surgery center where Ms. Weaver worked; (3) attorney Stacy Archer and (4) her firm, Robinson, Smith and Wells, who represented the defendants in the prior case; (5) Elliott Holt; and (6) Medi-Copy Services, Inc. She claims that, by filing the affidavits, the defendants disclosed her name, address, telephone numbers, and the identity of, and contact information for, her physicians. Graham asserts that these disclosures constitute an invasion of her privacy.

On October 5, 2015, Jeanne Weaver and Spine Surgery Associates, PC filed a motion to dismiss. The trial court granted that motion, finding that "[t]here is no doubt that the affidavit is sworn testimony which was submitted in the previous lawsuit." The court concluded as follows:

> [T]here is no doubt that the affidavit was relevant to the issue of the provision of medical records which was raised by [Graham]. As such, it cannot be used as a basis for liability as [she] tries to do in this lawsuit. On that ground alone, the motion to dismiss may be granted. However, it is also noted that the allegedly confidential information contained in the affidavit had already been disclosed in other pleadings and statements by [Graham] in the previous lawsuit. She had no reasonable expectation that information she had already disclosed would not be disclosed by someone else.

On October 22, 2015, Stacy Archer and Robinson, Smith and Wells filed a motion to dismiss and/or for summary judgment. On November 9, 2015, Graham filed a motion to reconsider the dismissal of Jeanne Weaver and Spine Surgery Associates, PC. The

motion to reconsider was stricken when Graham did not appear in court for the hearing on the motion.

On February 25, 2016, the trial court entered an order dismissing Stacy Archer and Robinson, Smith and Wells. The court found that "[t]here can be no legal claim for the release of medical information that is already public record." The court also affirmed the order dismissing Jeanne Weaver and Spine Surgery Associates, PC based on Graham's failure to appear at the hearing on her motion to reconsider. Furthermore, finding no evidence that either Elliott Holt or Medi-Copy Services, Inc. had been served with process, the court dismissed the action against them. Graham appeals.

## II.

Graham's brief does not contain a statement of the issues on appeal. The issues she raises, as we discern from her brief, are as follows:

> Whether the trial court erred in dismissing Graham's action for invasion of privacy.
>
> Whether Graham has a claim under the federal Health Insurance Portability and Accountability Act (HIPAA) on appeal.
>
> Whether the trial court erred in dismissing Elliott Holt and Medi-Copy Services, Inc.

## III.

While the meaning and effect of the relevant facts in this case are sharply disputed, the facts themselves are not in dispute. Since the relevant facts are not in dispute, the issues before us are matters of law that we review de novo with no presumption of correctness attaching to the trial court's legal conclusions. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.

### A.

#### i.

This Court has stated that Tennessee recognizes four types of invasion of privacy:

- 3 -

"(a) unreasonable intrusion upon the seclusion of another . . . (b) appropriation of the other's name or likeness . . . (c) unreasonable publicity given to the other's private life . . . (d) publicity that unreasonably places the other in a false light before the public."

*Burnette v. Porter*, No. W2010-01287-COA-R3-CV, 2011 WL 4529612, at *3 (Tenn. Ct. App., filed September 30, 2011). In this case, Graham does not specifically state the type of invasion of privacy alleged. While not specifically differentiating among the four types, Graham claims that the filing in the underlying case of the documents disclosing her name, address, phone numbers, and identification of her doctors constitutes an invasion of her privacy. The information disclosed by the defendants, however, was already disclosed by Graham herself and made public during the course of her health care liability action. The Supreme Court has stated that "it is . . . unrealistic and illogical to hold that there has been an invasion of th[e] common law right of privacy of an individual by publishing a matter which that individual had already made a matter of public record . . . ." *Langford v. Vanderbilt*, 287 S.W.2d 32, 39 (Tenn. 1956). A plaintiff may "waive his or her right to privacy and, thus, waive their right to bring an action for an invasion of that right." *Stein v. Davidson Hotel Co.*, No. 01-A-01-9509-CV-00407, 1996 WL 230196, at *9 (Tenn. Ct. App., filed May 8, 1996).

Here, Graham herself revealed the information that she now claims the defendants disclosed. Prior to the filing of the affidavits in the "health" lawsuit, Graham made the information public by including it in documents she filed with the court during that action. Because Graham published the information that she alleges the defendants disclosed, she waived her right of privacy with respect to that information. She has no reasonable expectation of privacy in the information and has no claim for invasion of privacy for the defendants' disclosure of the information already made public by her. We hold, as a matter of law, that Graham's factual allegations fail to establish a cause of action for invasion of privacy.

**ii.**

Even if the information were not considered to be a matter of public record, the disclosure of the information in the affidavits is privileged. With respect to testimony during a judicial proceeding, the Supreme Court has stated the following:

> It is generally recognized that statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel, slander, or invasion of privacy.

\*    \*    \*

> The underlying basis for the grant of the privilege is the public's interest in and need for a judicial process free from the fear of a suit for defamation or invasion of privacy based on statements made in the course of a judicial or quasi-judicial proceeding.

*Lambdin Funeral Service, Inc. v. Griffith*, 559 S.W.2d 791, 792 (Tenn. 1978). In addition to testimony at trial, statements made within documents filed in court may also be privileged. In determining that an affidavit filed in court is also privileged, the Supreme Court stated the following:

> We do not believe that any distinction in the general rule has been made or should be made in the cases where the . . . matter is within an affidavit in support of a motion for a new trial, and it is immaterial whether the affidavit is a separate writing or is incorporated into the motion.

*Jones v. Trice*, 360 S.W.2d 48, 52 (Tenn. 1962).

For the absolute privilege to apply, the statement must meet two criteria: "(1) It must be in the course of a judicial proceeding, and (2) it must be pertinent or relevant to the issue involved in said judicial proceeding." *Id.* Whether a statement is relevant or pertinent to the issue involved is a question of law for the court. *Id.* at 53.

In the case before us, Graham alleges an invasion of privacy based upon affidavits and exhibits filed in court. There is no dispute that the defendants filed these documents during a judicial proceeding. Tenn. Code Ann. § 29-26-122(c) provides, in pertinent part, as follows:

> The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce records upon timely request, or for other good cause shown.

In Graham's health care liability action, she asserted that the defendants had failed to provide her medical records and that was the reason for her allegation of noncompliance with the pre-suit notice and certificate of good faith requirements. To demonstrate their compliance with Graham's requests, the defendants filed the affidavits. The affidavits detailing the defendants' response to the requests for records are undoubtedly relevant and pertinent to an issue in the underlying health care liability action, *i.e* whether the

defendants "failed to timely produce records upon timely request." Because the documents in question were filed in a judicial proceeding and relevant to an issue in the case, they are privileged and cannot be the basis for an invasion of privacy claim against the defendants. We hold again, as a matter law, that Graham has failed to establish a claim for invasion of privacy based upon the affidavits filed in court in the underlying action.

**B.**

In her brief, Graham asserts that her medical records are protected under federal law. While Graham does not specifically state that she is alleging a HIPAA violation, we construe her statements as an attempt to raise a claim under that federal statutory scheme.

After reviewing the record before us, we have found no evidence that Graham raised a HIPAA violation during the trial. Accordingly, Graham has waived her right to raise this issue on appeal by not raising it with the trial court. *Lawrence v. Stanford,* 655 S.W.2d 927, 929 (Tenn. 1983); *In re Johnny E. K.,* No. E2009-01634-COA-R3-PT, 2010 WL 550911 (Tenn. Ct. App. Feb. 16, 2010); *In re Montana R.T.,* No. E2011-00755-COA-R3-PT, 2012 WL 2499498, at *3 (Tenn. Ct. App. June 29, 2012).

Even if her complaint could be construed as alleging a HIPAA violation, Graham has no cause of action. "HIPAA only expressly authorizes the *state attorney general . . .* to bring HIPAA actions on behalf of the State residents. . . . 'Because HIPA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement.' " *Clark v. Nashville General Hosp. at Meharry*, No. CIV. 3:14-1048, 2014 WL 2560505, at *1 (M.D. Tenn., filed June 6, 2014) (emphasis in original). We hold, as a matter of law, that Graham has no claim under HIPAA for the disclosure of the information in question.

**C.**

As previously noted, the trial court dismissed the plaintiff's suit against Elliott Holt and Medi-Copy Services Inc. because the record reflects that neither was served with process. There is no evidence to the contrary. The trial court did not err in dismissing this case against those two defendants.

**VI.**

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellant, Betty Graham. This case is remanded for enforcement of the trial court's

judgment and for collection of costs assessed below.

                             _____
                             CHARLES D. SUSANO, JR., JUDGE