IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 31, 2022 Session

## CHRISTIE LEE (UPCHURCH) VANWINKLE ET AL. v. ROBERT MARTIN THOMPSON

**Appeal from the Circuit Court for Putnam County**
**No. 2019-CV-178   Amy V. Hollars, Judge**

_____

### No. M2020-01291-COA-R3-CV

_____

A wife and husband obtained a "Final Decree of Divorce." The wife then remarried. Her first husband claimed their divorce was not final, and thus filed a declaratory judgment action claiming that her second marriage was bigamous. The declaratory judgment action was ultimately dismissed. The wife and her new husband filed a defamation action against the first husband, claiming that he had falsely accused them of bigamy. The trial court dismissed the defamation action. Because the first husband's allegedly defamatory statements are entitled to the absolute litigation privilege, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Howard L. Upchurch and Stacy H. Farmer, Pikeville, Tennessee, for the appellants, Christie Lee Upchurch Vanwinkle and Scott Vanwinkle.

Henry D. Fincher, Cookeville, Tennessee, for the appellee, Robert Martin Thompson.

## OPINION

## I.

This appeal concerns one of three separate but interrelated cases involving the same two parties, Christie Lee Upchurch Vanwinkle ("Mrs. Vanwinkle") and Robert Martin Thompson ("Appellee"). These parties were married in 1995 and the first of the three cases, a divorce action, was commenced in 2015. *See generally* ***Thompson v. Thompson***, No.

M2020-01293-COA-R3-CV, 2022 WL 386159 (Tenn. Ct. App. Feb. 9, 2022). A "Final Decree of Divorce" was filed in the Circuit Court of Putnam County (the "trial court") on December 22, 2017, stating that Mrs. Vanwinkle and Appellee were "granted an absolute divorce and restored to all the rights and privileges of single persons." The decree also stated, inter alia, that issues of property division and alimony would be reserved for later determination. An order designated as a final order was entered on October 29, 2018, detailing the division of marital property and debts. *Id.* at *2. Mrs. Vanwinkle filed a motion to alter or amend the trial court's judgment or, alternatively, for a new trial, which this Court treated as a motion pursuant to Tennessee Rule of Civil Procedure 59.04. *See id.* at *2, *2 n.3. Therein, she claimed that the trial court had divided her retirement benefits in a manner that did not reflect the parties' true agreement. *Id.* at *2. The trial court denied Mrs. Vanwinkle's motion, and Mrs. Vanwinkle appealed to this Court. *Id.* at *3.[1]

As is relevant to the second and third cases involving these parties, Mrs. Vanwinkle married Scott Vanwinkle (together, with Mrs. Vanwinkle, "Appellants") on October 27, 2018. On July 19, 2019, Appellee filed a separate action against Appellants in the trial court entitled "Complaint for Declaratory Judgment and to Invalidate Bigamous Marriage."[2] Therein, Appellee essentially alleged that Appellants' marriage was bigamous because the divorce between Appellee and Mrs. Vanwinkle was not final. Appellee asked the trial court to declare Appellants' marriage invalid, to permit him to determine the extent of the property acquired during their marriage, and to award him an appropriate share of that property. Appellants filed a motion to dismiss Appellee's declaratory judgment action, which was eventually granted.

In the third case, Appellants filed a complaint for defamation against Appellee in the trial court on August 15, 2019. Therein, they claimed that Appellee had falsely alleged that they had committed bigamy in his complaint for declaratory judgment. Appellants' defamation complaint further alleged, inter alia, that Appellee knew his allegation of bigamy was untrue because he himself had appeared before the trial court to secure a final divorce from Mrs. Vanwinkle. Appellants sought compensatory and punitive or exemplary damages as a result of the alleged defamation. Appellee filed a motion to dismiss the defamation complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Therein, Appellee argued, inter alia, that the divorce was not final, and thus his bigamy allegation was true and not defamatory. Regardless, Appellee also contended that his allegations of bigamy were protected under the absolute litigation privilege—in other words, even if his statements were defamatory, he could not be sued for defamation because he made the statements in the course of a judicial proceeding and the statements were relevant to the issue in the judicial proceeding. Appellee also sought attorney's fees

---

[1] We affirmed the decision of the trial court. *Id.* at *8. An application for permission to appeal is currently pending before the Tennessee Supreme Court.

[2] Records from the declaratory judgment action are not in the record. Therefore, we will only include the information related to that case that the parties do not appear to dispute.

in his motion to dismiss. Appellee later filed a motion for sanctions under Tennessee Rule of Civil Procedure 11 against Appellants.

A Zoom hearing occurred in the trial court on July 8, 2020. The parties' counsel presented arguments on Appellee's motion to dismiss Appellants' defamation complaint, among other matters. At the hearing, counsel for Appellee and counsel for Appellants verbally agreed to waive their respective motions for sanctions.

Following the hearing, the trial court entered an order on August 25, 2020, granting Appellee's motion to dismiss Appellants' defamation complaint. The trial court found, in part, that "all alleged defamatory statements were expressly claimed to have been made in the course of a judicial proceeding, specifically [Appellee's] Complaint," and "that the alleged defamatory statements were each pertinent or relevant to the issue involved in said judicial proceeding." Therefore, the trial court found that all of the allegedly defamatory statements were subject to the absolute litigation privilege and, as such, they could not form the basis of a defamation action. The trial court therefore dismissed the complaint for failure to state a claim upon which relief could be granted. The trial court further stated that counsel for the parties had agreed to mutually waive their claims for attorneys' fees.

Appellants appealed. This appeal concerns only the defamation case—not the divorce or declaratory judgment actions.

## II.

The parties raise various issues, but the dispositive question is whether the absolute litigation privilege immunizes Appellee from liability for the statements he made in his declaratory judgment action, such that dismissal of Appellants' defamation action is warranted. Appellee also seeks frivolous appeal damages.

## III. STANDARD OF REVIEW

This case was decided on a motion under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, which states in relevant part that

> [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (6) failure to state a claim upon which relief can be granted[.] . . . If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This Court has previously explained Rule 12.02(6) motions as follows:

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint. It does not challenge the strength of the plaintiff's proof. *See **Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See **Pursell v. First American National Bank***, 937 S.W.2d 838, 840 (Tenn. 1996); *see also **Trau-Med of Am., Inc. v. Allstate Ins. Co.***, 71 S.W.3d 691, 696–97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See **Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999); ***Fuerst v. Methodist Hospital South***, 566 S.W.2d 847, 848 (Tenn. 1978) (emphasis added). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. ***Frye v. Blue Ridge Neuroscience Center, P. C.***, 70 S.W.3d 710, 713 (Tenn. 2002); ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000); ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997).

***W. Exp., Inc. v. Brentwood Servs., Inc.***, No. M2008-02227-COA-R3-CV, 2009 WL 3448747, at *4 (Tenn. Ct. App. Oct. 26, 2009).

"Generally, '[i]f matters outside the pleadings are presented in conjunction with [] a Rule 12.02(6) motion [to dismiss] . . . and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment and dispose of them as provided in Rule 56." ***Kilgore v. State***, No. E2018-01790-COA-R3-CV, 2019 WL 6002126, at *3 (Tenn. Ct. App. Nov. 13, 2019) (quoting ***Patton v. Estate of Upchurch***, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007)). But, there are exceptions to this rule:

Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.

- 4 -

***Brentwood Servs., Inc.***, 2009 WL 3448747, at \*3 (quoting ***Ind. State Dist. Council of Laborers v. Brukardt***, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at \*8 (Tenn. Ct. App. Feb. 19, 2009, *perm. app. denied* Aug. 24, 2009 (quoting Wright and Miller, Federal Practice and Procedure, Civil § 1357, p. 376 (3d ed. 2004))).

Here, Appellants argue that the trial court considered matters outside the pleadings in ruling on Appellee's Rule 12.02(6) motion. In ruling on the 12.02(6) motion, the trial court explicitly stated that it considered Appellants' defamation complaint and implied that it may have also considered Appellee's declaratory judgment complaint. The latter document, as Appellants concede, became a public record when it was filed and was presided over by the same trial court that adjudicated the defamation action. *See **State v. Lawson***, 291 S.W.3d 864, 870 (Tenn. 2009) ("[T]hose matters pertaining to the records of a court are subject to judicial notice by the judge of that court."). It is also "integral" to Appellants' defamation claim. *See **Brentwood Servs., Inc.***, 2009 WL 3448747, at \*3. Additionally, Appellants attached the December 22, 2017 "Final Decree of Divorce" to their defamation complaint, thereby making the decree part of the complaint. *See* Tenn. R. Civ. P. 10.03.[3] Thus, the trial court could consider both the declaratory judgment complaint and the divorce decree without converting the motion to dismiss to a motion for summary judgment. *See **Brentwood Servs., Inc.***, 2009 WL 3448747, at \*3.

## IV. DISCUSSION

"There are two types of privileges that can be raised as a defense in a defamation case, absolute and qualified." ***Simpson Strong-Tie Co. v. Stewart, Estes & Donnell***, 232 S.W.3d 18, 22 (Tenn. 2007) (citing ***Jones v. Trice***, 360 S.W.2d 48, 51 (Tenn. 1962)). "A privilege is described as absolute when it is not defeated by the defendant's malice, ill-will, or improper purpose in publishing the defamatory communication. Thus, an absolute privilege is, in effect, a complete immunity." ***Id.*** (footnote and citations omitted). "By contrast, a qualified or conditional privilege is one that may be defeated if the defamatory publication was made with malice, ill-will, or for an improper purpose." ***Id.*** (citations omitted).

---

[3] Rule 10.03 states:

Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is (1) a matter of public record in the county in which the action is commenced and its location in the record is set forth in the pleading; (2) in the possession of the adverse party and this fact is stated in the pleading; (3) inaccessible to the pleader or is of such nature that attaching the instrument would be unnecessary or impracticable and this fact is stated in the pleading, together with the reason therefor. Every exhibit so attached or referred to under (1) and (2) shall be a part of the pleading for all purposes.

In Tennessee, the "absolute litigation privilege" applies, such that "statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding." *Trice*, 360 S.W.2d at 54. Such statements, "therefore[,] cannot be used as a basis for a libel action for damages." *Id.* at 50; *see also id.* at 54–55 ("Our opinion is consistent with the free and unrestricted use of all reasonably pertinent and relevant information available to litigants in presenting their causes before the courts of this State."). Thus, "a statement by a judge, witness, counsel, or party, to be absolutely privileged, must meet two conditions, viz: (1) It must be in the course of a judicial proceeding, and (2) it must be pertinent or relevant to the issue involved in said judicial proceeding." *Id.* at 52; *see also* **Simpson Strong-Tie Co.**, 232 S.W.3d at 23 (citing **Lambdin Funeral Serv. Inc. v. Griffith**, 559 S.W.2d 791, 792 (Tenn. 1978); **Trice**, 360 S.W.2d at 54) (explaining how the Tennessee Supreme Court has adopted the absolute litigation privilege). "'As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged, the courts favor a liberal rule." **Trice**, 360 S.W.2d at 53 (quoting 33 Am. Jur. Page 146, Section 150). "'The matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety.'" *Id.* at 53–54 (quoting 33 Am. Jur. Page 146, Section 150).

"'The question of the relevancy or pertinency of matters contained in the pleadings, when in issue, is never left to the jury, but is a question of law for the court.'" *Id.* at 53 (quoting 33 Am. Jur. Page 146, Section 150). Additionally, the question of whether the absolute litigation privilege applies is one of law. *See* **Unarco Material Handling, Inc. v. Liberato**, 317 S.W.3d 227, 230 (Tenn. Ct. App. 2010) ("Whether Cohen's actions are protected by the litigation privilege and he is entitled to immunity constitutes a question of law.").

Appellants aver that the trial court found that the allegedly defamatory statements were made in the course of and relevant to the divorce case. While the trial court's order could have been worded more precisely, it is clear to us that the trial court intended to reference Appellee's declaratory judgment complaint—not the divorce complaint—as the operative complaint, in finding that "all alleged defamatory statements were expressly claimed to have been made in the course of a judicial proceeding, specifically [Appellee's] Complaint." Therefore, when the trial court subsequently found "that the alleged defamatory statements were each pertinent or relevant to the issue involved in said judicial proceeding," the trial court was referring to Appellee's declaratory judgment action as "said judicial proceeding."

Appellants do not appear to dispute that Appellee made his allegedly defamatory statements in the course of the declaratory judgment action, and thus in the course of a judicial proceeding. Therefore, the remaining question is whether Appellee's allegedly defamatory statements were pertinent or relevant to the issues in the declaratory judgment

action. *See Trice*, 360 S.W.2d at 52. Indeed, they were, because Appellee's allegation that Appellants' marriage was bigamous formed the basis of his declaratory judgment action—the main point of which was to determine whether Appellants' marriage was, in fact, bigamous and, consequently, what relief, if any, Appellee was entitled to. Appellants argue that Appellee's allegedly defamatory statements were not relevant to the matters before the trial court—namely, the only remaining issue in the divorce action, the division of Mrs. Vanwinkle's retirement benefits. But we are not aware of authority for the proposition that Appellee's allegation of bigamy had to be made in the course of or be pertinent or relevant to the divorce proceedings, as opposed to the declaratory judgment action, in order for the absolute litigation privilege to apply. Nor have Appellants pointed to any.

Appellants also appear to contend that the question of whether the privilege applies is unfit to be decided on a motion to dismiss. However, as stated above, the issue of whether Appellee made his allegedly defamatory statements during a judicial proceeding (the declaratory judgment action) is undisputed—Appellants acknowledge in their defamation complaint that Appellee made those statements in his complaint for declaratory judgment. The remaining issue of whether Appellee's statements were relevant or pertinent to the declaratory judgment action is a question of law, as is the ultimate question of whether the absolute litigation privilege applies. *See Trice*, 360 S.W.2d at 53; ***Unarco Material Handling, Inc.***, 317 S.W.3d at 230. Moreover, the absolute litigation privilege generally involves legal pleadings and, as we previously noted, Tennessee law allows public records to be considered in adjudicating motions to dismiss. ***Brentwood Servs., Inc.***, 2009 WL 3448747, at *3. Thus, the legal questions involved in the absolute litigation privilege are particularly well-suited for disposition on a motion to dismiss so long as the requirements of the rule are met. *See id.* at *4 (emphasis added) ("A Rule 12 motion only challenges the *legal* sufficiency of the complaint.").

Therefore, we conclude that Appellee is correct that the absolute litigation privilege protects the statements he made in his declaratory judgment complaint, and thus the defamation action was properly dismissed. Consequently, we need not decide whether Appellee is correct that the divorce was not final and thus his statements regarding bigamy were true.

Lastly, Appellee argues that he should be awarded frivolous appeal damages and attorney's fees. Tennessee Code Annotated section 27-1-122 states:[4]

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

---

[4] The only issue Appellee presents on appeal as to attorney's fees is based upon section 27-1-122.

A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. ***Robinson v. Currey***, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). Given that the trial court dismissed Appellee's declaratory judgment action, we cannot say that a defamation action based thereon is entirely devoid of merit. Therefore, we exercise our discretion to deny Appellee's request for frivolous appeal damages and attorney's fees.

## V. CONCLUSION

The judgment of the Circuit Court of Putnam County is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are assessed to Appellants Christie Lee Upchurch Vanwinkle and Scott Vanwinkle, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE